NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAGJIT SINGH BRAR,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2610

Agency No.
A206-097-785

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Jagjit Singh-Brar, a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an

order of an Immigration Judge ("IJ") denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the parties' joint motion to submit this case on the briefs [Dkt. 21].

("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  Singh-Brar's only challenge to the BIA's decision involves its affirmance of the IJ's adverse credibility determination.  "Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence."  *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).  "The agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (internal quotation marks omitted).  "[W]e preserve meaningful appellate review of BIA decisions by requiring the agency to provide specific and cogent reasons for an adverse credibility determination."  *Id*. (internal quotation marks omitted).  Citing *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), Singh-Brar argues that the BIA's decision does not satisfy our procedural requirements for upholding an adverse credibility determination because it "does not refer to the explanation that [Singh-Brar] gave … and does not give the BIA's reasons for considering that explanation unpersuasive."

2.  We find that the BIA did not err in its explanation of its adverse credibility determination.  The BIA's decision noted that it considered Singh-Brar's arguments for why the IJ's adverse credibility finding was erroneous, but concluded it was "not persuaded by his challenges."  The BIA explained that the IJ was not required to accept Singh-Brar's plausible explanations where there were other

2

permissible views based on the record. "Considering the totality of the circumstances and all relevant factors," the BIA found no clear error in the IJ's adverse credibility determination.

Additionally, because the BIA reviewed the IJ's decision for clear error and "relied upon the IJ's opinion as a statement of reasons …, we review the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's ... decision in support of those reasons." *Kumar*, 18 F.4th at 1152–53 (internal quotation marks omitted). Here, in finding the IJ did not clearly err, the BIA's decision relied upon and adopted the IJ's specific and cogent reasons for rejecting Singh-Brar's explanation for his testimony's inconsistencies. The IJ identified several inconsistencies between Singh-Brar's testimony and statements he made in his credible fear interview, which Singh-Brar was given an opportunity to explain at the hearing. The IJ considered Singh-Brar's explanation that he "may have said something untrue" during the credible fear interview because he was stressed, scared, and nervous, but found it inadequate. The IJ noted that Singh-Brar had ample opportunities to amend false claims during his credible fear interview, that his explanation did not account for contradictory statements in third-party affidavits and a later written declaration, and that his explanation was self-serving. Thus, in contrast to *Soto-Olarte*, both the IJ and the BIA addressed Singh-Brar's explanation "in a reasoned manner." 555 F.3d at 1091–92 (internal quotation

3

marks omitted).

**PETITION FOR REVIEW DENIED**.